IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BAC HOME LOANS SERVICING, et al.,

      Plaintiffs,

vs.

SANTIAGO L. NAVARRO,

      Defendant.
_____/

No. CIV 2:10cv2735-GEB-JFM

ORDER AND

FINDINGS & RECOMMENDATIONS

      Plaintiff BAC Home Loans Servicing ("BAC")[1] commenced an unlawful detainer action in Sacramento County Superior Court on May 20, 2010. (Mot. to Remand, Req. for Jud. Not., at 2.) Defendant subsequently removed this action on October 19, 2010, purportedly on the basis of federal question jurisdiction, along with a request to proceed in forma pauperis. Pending before the court is plaintiffs BAC and Mortgage Electronic Registration Systems' ("MERS") motion to remand.

---

[1] Although this action is proceeding with three plaintiffs (BAC, Mortgage Electronic Registration Systems, and Bank of America Home Loans), the unlawful detainer action underlying the present suit was filed solely by BAC. (See Mot. to Remand, Req. for Jud. Not., Ex. 1.) Defendant added the other parties when he removed the action. Further, the unlawful detainer was filed not only against defendant, but also against Perla R. Navarro and others, though only defendant Santiago Navarro filed the notice of removal. (See Mot. to Remand, Req. for Jud. Not., at 2; Not. of Removal at 1.)

1

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992). Furthermore, "jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." <u>Id.</u> Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court. <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392 (1987). The "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." <u>Id.</u>

Per the allegations in the notice of removal, plaintiff BAC seeks to evict defendant from a property that it purchased at a foreclosure sale. (Not. of Removal at 2.) Defendant contends that jurisdiction is proper under 28 U.S.C. § 1331.

Under 28 U.S.C. § 1331, this court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." <u>Id.</u> at 392. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. <u>Duncan v. Stuetzle</u>, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." <u>Caterpillar</u>, 482 U.S. at 392. There is no federal question jurisdiction simply because there is a federal defense to the claim. <u>Id.</u> at 392. The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. <u>Sullivan v. First Affiliated Sec., Inc.</u>, 813 F.2d 1368, 1372 (9th Cir. 1987).

Here, the complaint filed by BAC contains a single cause of action for unlawful detainer. No federal claim is alleged. Further, defendant does not allege that the complaint

contains a federal claim in disguise, or that the unlawful detainer claim is preempted by federal law.  The Notice of Removal instead appears to assert claims by defendant against BAC and others for purported violations of various federal laws, including the Federal Fair Debt Collection Practices Act (FDCPA), Real Estate Settlement Procedures Act (RESPA), and Truth In Lending Act (TILA).[2]  Because the complaint does not allege claims under the FDCPA, RESPA, TILA, or any other federal law, the Notice of Removal's allegations are insufficient to establish the court's federal question jurisdiction.

For the foregoing reasons, defendant has failed to meet his burden of showing that federal question jurisdiction exists over this action.

Accordingly, IT IS HEREBY ORDERED that:

1.  The hearing scheduled for December 9, 2010 is vacated;

2.  Plaintiffs' request for judicial notice is granted;

3.  Defendant's motion to proceed in forma pauperis is denied as moot; and

IT IS HEREBY RECOMMENDED that:

1.  Plaintiffs' motion to remand be granted;

2.  This action be remanded to the Sacramento County Superior Court for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, defendant may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served

---

[2] Attached to the notice of removal is a complaint allegedly filed by defendant in the Sacramento County Superior Court against BAC and MERS.  The court notes that while defendant asserts in the notice of removal that the plaintiffs violated TILA, RESPA and the FDCPA, the attached complaint alleges only state law causes of action.  (Compare Not. of Removal at 2 with Not. of Removal, Compl. at 1.)

within fourteen days after service of the objections.  Defendant is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.

DATED: November 30, 2010.

                                      UNITED STATES MAGISTRATE JUDGE

/014;nava2735.remand